UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MOHAMMAD MOHIUDDIN | CIVIL ACTION |
| VERSUS | NO. 07-8799 |
| STATE FARM FIRE & CASUALTY CO. | SECTION: "C" (2) |

### ORDER

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. The parties have submitted a joint motion for remand (Rec. Doc. 5). Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction for the following reasons. Therefore, the motion to remand is **GRANTED**.

The plaintiffs filed suit in state court for damages caused by Hurricane Katrina and allegedly due under their insurance policy with the State Farm. The defendant removed based on diversity. Subsequently, the plaintiff consummated a "binding stipulation" that the amount in controversy does not exceed $75,000.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red*

*Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

The Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.*

The Court finds that the allegations of the petition do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum. Because the remaining coverage is necessarily affected by any insurance payments made, the defendant has not made a showing "sufficiently particularized" to meet its burden. It is the value of the plaintiff's claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied. Finally, the "binding stipulation" is strong evidence that the amount in controversy on the date of removal was less than the jurisdictional minimum. Thus, the Court finds that the defendant has failed to meet its burden of proof under these circumstances.

Accordingly,

IT IS ORDERED that the motion to remand is **GRANTED** (Rec. Doc. 5). IT IS

FURTHER ORDERED that this matter be and hereby is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 14th day of January, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE